UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ALEXANDER ARANGO-PALACIOS, | CIV 21-4061 |
| Petitioner, | |
| vs. | ORDER |
| YANKTON FPC WARDEN, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by Petitioner Alexander Arango-Palacios, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota. In his Petition, Petitioner requests all of his earned time credits from February 19, 2020 which he claims are owed under the First Step Act, Public Law No. 115-391. Petitioner ultimately claims he is entitled to immediate release. In response, the Respondent filed a Motion to Dismiss for failure to exhaust administrative remedies and also on the basis that the Court lacks subject matter jurisdiction including ripeness and because Petitioner failed to state a claim. Petitioner filed a response on July 1, 2021 which satisfies exhaustion requirements.

The record shows that as of May 6, 2021 Petitioner had completed 24 hours of EBRR programming which equates to 1.5 hours of First Step Act time credits. Petitioner is serving a 46 month sentence for Conspiracy to Distribute Methamphetamine. Petitioner has a projected early release date of May 7, 2022. Pursuant to Federal Rule of Evidence 201 the Court does take judicial notice of the Declaration of Sasha Labrenz for consideration in this case.

The Respondent has taken the position that it need not award any First Step Act credits before January 15, 2022. The court does not agree with that position, but even if that position were correct, this case is not ripe for decision and must be dismissed without prejudice. The reason it must be

dismissed is that after January 15, 2022 and before May 7, 2022, there is enough time for the Respondent to apply Petitioner's First Step Act credits as computed by Respondent.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford,* 564 F.3d 1093, 1096 (9th Cir. 2009). "While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rights Comm'n.*, 220 F.3d 1134, 1138 (9th Cir. 2000) (*en banc*). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967).

Petitioner disagrees with how the Respondent has by rulemaking established the credits to be awarded under the First Step Act. Rulemaking decisions by the Respondent are subject to judicial review but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; see also, *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 2006). There has been no showing in this case to support the general challenge by the pro se litigant to the rulemaking of the Respondent on whether to allow credits for various inmate activities, and if allowing credits, how many credits to allow for each day of activity. The Court does not agree with the Respondent's position that it will apply no FSA credits until January 15, 2022 as that position is contrary to the clearly stated intent of Congress. *See Goodman v. Ortiz*, 2020 WL 319280, CIV 20-14093 (D.N.J. Feb. 4, 2021)(slip copy). But that issue need not be further addressed here as these time credit claims are not ripe for adjudication at this time.

Petitioner is surely the proper party to bring this claim. But there is not at this time and might never be a time when Petitioner has a valid claim that he will lose days of time credit to which he

2

is entitled under the First Step Act. Accordingly,

    IT IS ORDERED:

    1.    That Respondent's Motion to Dismiss, Doc. 10, is granted.

    2.    That Petitioner's claims, Doc. 1, are dismissed without prejudice.

Dated this 9th day of August, 2021.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, Clerk

*/s/ Matthew Thelen*

3